Not for Publication

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

AUXILIUM PHARMACEUTICALS, INC.,

    *Plaintiff*,

v.

FCB I LLC,

    *Defendant*.

Civil Action No. 20-16456

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

    **I.**    **INTRODUCTION**

This matter comes before the Court on Plaintiff Auxilium Pharmaceuticals, Inc.'s ("Auxilium") unopposed motion for default judgment against FCB I LLC ("FCB") under Federal Rule of Civil Procedure 55(b)(2). D.E. 9. The Court reviewed all submissions made in support of the motion[1] and considered the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons that follow, Plaintiff's motion is denied.

---

[1] Plaintiff's brief in support of its motion for default judgment will be referred to as "Br.," D.E. 9-1, D.E. 11.

## II. FACTS AND PROCEDURAL HISTORY[2]

Plaintiff Auxilium is a Delaware corporation with a principal place of business in Malvern, Pennsylvania. D.E. 1 ("Compl.") ¶ 2. Defendant FCB is a Delaware LLC with its principal place of business in Mahwah, New Jersey. *Id*. ¶ 3. Auxilium brought this suit seeking declaratory relief as to United States Patent Nos. 7,320,968 (the "'968 patent"), 7,608,605 (the "'605 patent"), 7,608,606 (the "'606 patent"), 7,608,608 (the "'608 patent"), 7,608,609 (the "'609 patent"), 7,608,610 (the "'610 patent"), 7,935,690 (the "'690 patent"), 8,063,029 (the "'029 patent"), 8,178,518 (the "'518 patent"), and claims 1-2 and 4-15 of U.S. Patent No. 7,608,607 (the "'607 patent") (collectively, the "Patents-in-Suit"). *Id*. ¶ 1. By way of a license agreement and various assignments, FCB is the current assignee of the rights, titles, and interests of the Patents-in-Suit, while Auxilium is the current exclusive licensee of the Patents-in-Suit. *Id*. ¶ 8. The Patents-in-Suit are "related to each other and share a common specification," *id*. ¶ 9, in that "each and every claim of the Patents-in-Suit requires a composition that includes testosterone, a Hsieh enhancer such as oxacyclohexadecan-2-one, and a thickening agent[.]" *Id*. ¶ 26.

Previously, Auxilium and FCB as co-plaintiffs filed suit in this district in a case captioned *Auxilium Pharmaceuticals, Inc. et. al., v Watson Laboratories, Inc., et al.*, CA No. 12-cv-3084-JLL-MAH (the "Prior Action") against Watson Laboratories, Inc. (NV), Watson Pharmaceuticals, Inc., and Watson Pharma, Inc. (collectively, "Watson"). *Id*. ¶ 20. Auxilium and FCB alleged infringement of the Patents-in-Suit, *id*. ¶ 20, in an attempt to prevent Watson from launching a generic version Auxilium's Testim® (testosterone gel) product. Br. at 2. To simplify the issues

---

[2] The facts of this matter derive from the Complaint ("Compl."), D.E. 1, D.E. 4, which the Court accepts as true for purposes of this motion for default judgment. *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No.11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011).

for trial, the parties narrowed their asserted claims by stipulating, among other things, to the following:

> [W]hether Watson's ANDA infringes any valid and enforceable claim of . . . the '968 patent, the '605 patent, the '606 patent, the '608 patent, the '609 patent, the '610 patent, the '690 patent, the '029 patent, and the '518 patent, and . . . claims 1, 2, and 4-15 of the '607 patent will be determined by the outcome of the trail and appeal with respect to claim 3 of the '607 patent.

*Id*. ¶ 21 (the "Stipulation").

After a six-day bench trial, Judge Linares held claim 3 of the '607 Patent invalid under 35 U.S.C. § 101 for improper inventorship, under 35 U.S.C. § 102(f) for derivation, and under 35 U.S.C. § 103 for obviousness. *Id*. ¶ 22. As to inventorship, Judge Linares found that Dr. Dean Hsieh conceived of the three main elements of claim 3 of the '607 patent rather than the sole named inventor, Robert Gyurik. *Id*. The court further concluded that Mr. Gyurik derived the subject matter of claim 3 of the '607 patent from Dr. Hsieh by reviewing his laboratory notebooks and other materials. *Id*. Judge Linares also concluded that claim 3 of the '607 patent was obvious over the prior art "because the suitability of testosterone for transdermal delivery was well known, and a person of ordinary skill in the art would have had a reasonable expectation for success in developing the claimed pharmaceutical formulation for use in the claimed methods." *Id*. The court entered final judgment against Auxilium and FCB and neither party appealed. *Id*. ¶ 23.

On March 27, 2015, Auxilium notified FCB that it would no longer pay it royalties for Auxilium's sales of Testim® pursuant to the license agreement for the Patents-in-Suit. *Id*. ¶ 25. Auxilium claimed that, based on the district court's decision as to claim 3 of the '607 patent, the remaining Patents-in-Suit based on "substantially similar subject matter" were no longer enforceable. *Id*. FCB, however, maintains that the Patents-in-Suit are valid. *Id*. ¶ 28. Accordingly, Auxilium's Complaint asserts a claim seeking a declaratory judgment that Judge

3

Linares's "entry of final judgment on claim 3 of the '607 patent has a collateral and preclusive effect that similarly renders invalid the other claims of the '607 patent, as well as each of the claims of the patents-in-suit." *Id.* ¶ 34.

Auxilium filed its Complaint on November 18, 2020. D.E. 1. Auxilium thereafter served the Complaint, D.E. 7., and on December 14, 2020, Auxilium requested the Clerk of the Court to enter default against FCB, D.E. 8. The Clerk then entered default, and the present motion followed.

### III. STANDARD OF REVIEW

Rule 55 of the Federal Rules of Civil Procedure permits a court to enter a default judgment against a properly served defendant who fails to respond. *Anchorage Assoc. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). "Once a party has defaulted, the consequence is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 & n.6 (3d Cir.2005)). "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, however, and [has] repeatedly state[d] [its] preference that cases be disposed of on the merits whenever practicable.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)).

Prior to entering a default judgment, the court must "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). The Court must also consider

the following factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 Fed. App'x 519, 522 (3d Cir. 2006).

IV. ANALYSIS

A. Subject Matter Jurisdiction

"Before entering a default judgment as to a party 'that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, *2 (D.N.J. Jan. 22, 2015) (quoting *Ramada Worldwide, Inc. v. Benton Harbor Hari Ohm, L.L.C.*, No. 08-3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008) (internal quotation omitted)). Auxilium asserts that jurisdiction is proper under 28 U.S.C. § 1331 and 1338(a) because this matter arises under the patent laws of the United States. "A cause of action arises under federal patent law when it involves the validity, scope or infringement of a patent." *EKI, LLC v. Gasser Chair Co.*, No. CIV.A. 06-4936(WJM), 2007 WL 1135298, at *5 (D.N.J. Apr. 16, 2007). Auxilium brings this suit to determine the validity of the Patents-in-Suit. Compl. ¶¶ 31-36. Accordingly, the Court has jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1338(a).

B. Personal Jurisdiction

"With respect to a corporation, the place of incorporation and principal place of business are paradig[m] . . . bases for general jurisdiction.'" *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014) (alteration in original) (internal quotation omitted). "Courts have applied the *Daimler* rules to limited liability companies with 'equal force.'" *Griggs v. Swift Transp. Co.*, No. 17-13480, 2018 WL 3966304, at *2 (D.N.J. Aug. 17, 2018). Therefore, "for the purposes of general personal

5

jurisdiction, a limited liability company's citizenship is that of its principal place of business and state of [formation]." *Rodriquez Rivera v. Loto Grp., LLC*, No. 20-4062, 2020 WL 7384720, at *1 (D.N.J. Dec. 16, 2020) (alterations in original) (quoting *Hannah v. Johnson & Johnson Inc.*, No. 18-10319, 2020 WL 3497010, at *16 (D.N.J. June 29, 2020)). Here, Plaintiff alleges that FCB's principal place of business is 933 MacArthur, Blvd, Mahwah, New Jersey 07430-2045. Compl. ¶¶ 3, 5. Because New Jersey is "home" to FCB, this Court has personal jurisdiction over it. *Audi AG v. Posh Clothing, LLC*, No. 18-14254, 2019 WL 1951166, at *2 (D.N.J. May 2, 2019).

### C. Service of Process

"Before the Court can enter default judgment, it must find that process was properly served on the Defendant[s]." *Teamsters Pension Fund*, 2011 WL 4729023, at *2 (citing *Gold Kist, Inc. v. Laurinburg Oil Co.*, Inc., 756 F.2d 14, 19 (3d Cir. 1985)). As a limited liability company, FCB could be properly served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(B). Here, Plaintiff served the Summons and Complaint on FCB's registered agent for service, Harvard Business Services, Inc., on November 20, 2020. D.E. 7 at 1. Therefore, service was proper.

### D. Sufficiency of Plaintiff's Causes of Action

The Court must next determine whether the Complaint adequately states a cause of action. The Court must accept all well-pleaded factual allegations in the pleadings as true, except as to damages. *Chanel, Inc.*, 558 F. Supp. 2d at 535-36. The Complaint asserts one count for a declaratory judgment that the Patents-in-Suit are invalid. Compl. ¶¶ 31-36. Auxilium argues that the Patents-in-Suit are invalid based on improper inventorship, derivation, and obviousness. Br. at 8-11. Auxilium bases its arguments entirely on Judge Linares's decision as to claim 3 of the

'607 patent. *Id*. at 11 (describing the Complaint's allegations as "based wholly on [Judge Linares's] prior factual findings concerning the patents-in-suit.").

It is unclear whether Auxilium is proceeding under a contract-based theory or a preclusion-based theory. It appears that Plaintiff relies on the Stipulation between Auxilium and FCB, on the one hand, and Watson, on the other, entered into in the Prior Action. *See* Compl. ¶ 21. However, as alleged, the parties only stipulated that "whether Watson's ANDA *infringes any valid and enforceable claim of* . . . [relevant patents and claims] will be determined by the outcome of the trail and appeal with respect to claim 3 of the '607 patent." *Id*. (emphasis added). Moreover, the unsigned Stipulation attached to Plaintiff's motion for default judgment provides only that "*Watson* may rely on this Stipulation with respect to *noninfringement* of the Non-Trial Patents and the Withdrawn Claims *only with respect to this case* after a Judgment for Watson that becomes a Final Court Decision and to the extent permitted by law." D.E. 9-2 at 4 (emphases added). The unsigned Stipulation does not appear to indicate, nor does Plaintiff allege in the Complaint, that Judge Linares's decision as to claim 3 of the '607 patent resolved the validity of the other Patents-in-Suit as between Auxilium and FCB. As the Complaint alleges, "the sole issue decided by the Court was the validity and enforceability of claim 3 of the '607 patent." Compl. ¶ 21. Accordingly, Plaintiff's contract-based theory is not sufficiently alleged.

To the extent that Plaintiff is seeking to invalidate the Patents-in-Suit based on a preclusion theory, *see* Compl. ¶ 34, Plaintiff has failed to (1) indicate the type of preclusion (issue or claim preclusion) it is seeking to employ, (2) provide the relevant legal standards, and (3) conduct any analysis. *See* Br. at 8-11. For those reasons, the Court denies Plaintiff's motion to the extent it is based on a preclusion theory.

## V. CONCLUSION

Therefore, for the foregoing reasons, and for good cause shown,

**IT IS** on this 6th day of July, 2021

**ORDERED** that Plaintiff's motion for default judgment, D.E. 9, is **DENIED without prejudice**; and it is further

**ORDERED** that Plaintiff is granted leave to cure the noted deficiencies within 30 days.

_____
John Michael Vazquez, U.S.D.J.